UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIFA ANWARI,<br><br>    Petitioner,<br><br>    v.<br><br>AHMAD MOMAND,<br><br>    Respondent. | Case No. 22-cv-04357-AMO<br><br>**ORDER DENYING AMENDED EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE FOR INDIRECT CRIMINAL CONTEMPT**<br><br>Re: Dkt. No. 99 |

Ahmad Momand, the Respondent in this international child custody action, moves for an order to show cause why the Petitioner, Sharifa Anwari, should not be held in indirect criminal contempt. ECF 99 at 2. Anwari and Momand have a child, and Momand sent the child to Germany to visit Anwari pursuant to an agreement they reached in an effort to settle this litigation. Momand contends that Anwari is in violation of a December 7, 2023 order of this Court because she has failed to return the child to the United States.[1] *Id.* at 3. Momand seeks an order from this Court "request[ing] that the Office of the United States Attorney for this District . . . prosecute this indirect criminal contempt" and directing Anwari "to show cause . . . why she should not be held in indirect criminal contempt of court for failure to comply with this Court's December [7], 2023, Order." ECF 99-6 at 3.

///

///

///

---

[1] Momand also contends that Anwari is in violation of the International Parental Kidnapping Act, 18 U.S.C. § 1204, which he "do[es] not did not cite . . . to . . . suggest that this Court could charge the [Anwari] with such a felony," but "for informational purposes . . . ." ECF 99 at 3; ECF 111 at 6.

Momand relies on Federal Rule of Criminal Procedure 42(a) for the relief he seeks. That rule provides:

> **(a) Disposition After Notice.** Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.
> **(1) Notice.** The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
> **(A)** state the time and place of the trial;
> **(B)** allow the defendant a reasonable time to prepare a defense; and
> **(C)** state the essential facts constituting the charged criminal contempt and describe it as such.
>
> **(2) Appointing a Prosecutor.** The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.
>
> **(3) Trial and Disposition.** A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

Fed. R. Crim. P. 42(a).

Before turning to the applicability of Rule 42(a), the Court first takes up the threshold issue of whether Anwari may be held in contempt of the Court's December 7, 2023 order. Momand's argument on that issue relies on 18 U.S.C. § 401, which provides:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401.

Invoking subsection (3), Momand argues that Anwari's "disobedience of the Court's Dec. [7], 2023, order by refusing to return the child to travel back to the Court's jurisdiction constitutes an act of indirect criminal contempt as it is an intentional obstruction of Court proceedings." ECF

2

1  100 at 3. Momand, however, does not point to language in the order imposing a requirement that
2  the child be returned. The provision on which Momand relies prohibits removal of the child other
3  than as expressly permitted by the order, which reads:

> The Child shall not be removed from the State of California, County of Santa Clara, without prior approval of this Court, with the exception of (1) a temporary trip of no more than seven (7) days within California; and (2) travel to Germany to visit Petitioner as provided in the Parenting Agreement.

7  ECF 92 at 2.

8  The parties' arguments as to whether they had a valid parenting agreement in place are
9  immaterial. Both Momand and Anwari acknowledge that the Court declined to enter that
10 agreement as an order. *See* ECF 92 at 2 ("On November 22, 2023, the Court agreed to stay the
11 case until April 19, 2024, but declined to incorporate the requested terms of the Settlement
12 Agreement, Dkt. 90."). This Court will not threaten a party with criminal prosecution for alleged
13 non-compliance with a stipulated order the parties drafted, which does not contain language
14 supporting the reading necessary to grant Momand the relief he seeks. *See Chapman v. Pac. Tel.
15 & Tel. Co.*, 613 F.2d 193, 195 (9th Cir. 1979) ("Criminal contempt is established when: (1) there
16 is a clear and definite order, and the contemnor knows of the order . . . ; and (2) the contemnor
17 willfully disobeys the order.") (internal citations omitted). The Court also rejects Momand's
18 argument that the restriction on removing the child from Santa Clara County "includes the concept
19 that the [c]hild is not to be retained outside of California." *See United States v. Miller*, 808 F.3d
20 607, 618 (2d Cir. 2015) (explaining, in the context of an alleged violation of the International
21 Parental Kidnapping Act, that "remov[ing] a child" requires removal "from within the United
22 States to outside the United States to violate this statute.").

23 The cases Momand cites do not compel a different conclusion. In *Carmona v. Moreno*,
24 No. 1:23CV967, 2024 WL 579239, at *1 (M.D.N.C. Feb. 13, 2024), the court granted the
25 petitioner's request for return of the minor child after an evidentiary hearing. The court's earlier
26 order prohibited the "[r]espondent, or anyone acting on her behalf or at her direction" from
27 "remov[ing] the [c]hild from the Middle District of North Carolina for any purpose without
28 permission of the [c]ourt." *Id.* at *6. The court had warned that a violation of its order could "be

3

1 treated as criminal contempt and is punishable as a federal criminal offense by the United States
2 Attorney and could further result in the issuance of a warrant pursuant to N.C. GEN. STAT. § 50A
3 requiring taking custody of the child by the United States Marshal." *Id.* at *7. While Momand
4 highlights the *Carmona* court's warning about criminal contempt, that warning does not warrant a
5 finding of the criminal contempt here. As explained above, the December 7, 2023 order
6 prohibited Momand from removing the child other than as allowed, but that provision cannot be
7 read as imposing a requirement that Anwari return the child under the terms of the parenting
8 agreement. That parenting agreement was between the parties. Whether binding or not, it did not
9 have the effect of a Court order.

*Siam v. Jacobs*, No. 06-61743-CIV, ECF No. 33 (S.D. Fla. Jan. 30, 2007)[2] is also unhelpful to Momand. There, the court granted the petition for return of two children to the Bahamas pursuant to the parties' stipulated agreement. The court had incorporated the terms of that agreement into its order, including a provision that the two children were not to "be removed from the Southern District of Florida pending their return to the Bahamas." *Id.* When the respondent failed to return the children to the Bahamas and departed from the jurisdiction in violation of the court's order, the petitioner moved for an arrest warrant[3] and an order to show cause why the respondent should not be held in criminal contempt. *Id.* The court denied the request for issuance of an arrest warrant but granted the request to refer the matter to the United States Attorney's Office for prosecution of criminal contempt. *Id.* at 3. In *Siam*, unlike here, the basis for the referral for prosecution of criminal contempt was a violation of the court's order. The order prohibited removal of the children from the judicial district, and the respondent left the judicial district with the children. In this case, Momand cannot point to a court order supporting a

---

[2] Momand's counsel represents that he was counsel of record in *Siam* and references materials from that litigation as Exhibit A to his opening brief. However, no exhibit is attached. *See* ECF 100.

[3] The court had denied a prior request for an arrest warrant because the petitioner "had not provided, and the [c]ourt d[id] not find authority to issue an arrest warrant based solely on the stipulation of counsel for the parties." *See Siam v. Jacobs*, No. 06-61743-CIV, ECF No. 30, at 2-3 (S.D. Fla. Jan. 17, 2007).

finding of criminal contempt that would, in turn, require a referral for criminal prosecution.[4]

For the reasons set forth above, Momand's amended emergency motion for an order to show cause is **DENIED.**

In the event the court presiding over the proceedings Momand recently initiated in Germany orders the child returned to California, a 4-day bench trial remains set to commence December 10, 2024 at 8:30 a.m. The pretrial conference remains set for November 14, 2024 at 11:00 a.m. These dates are firm. A separate order with additional pretrial deadlines will issue.

Because Anwari has withdrawn her motion to dismiss, *see* ECF 117, the discovery stay the parties agreed to pending a ruling on that motion, *see* ECF 106, 109, is **DISSOLVED**. As the Court explained during the status conference held May 9, 2024, the time to present any fact discovery disputes to the Court expires within one business day of this order.

**IT IS SO ORDERED.**

Dated: May 17, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[4] In light of this ruling, the Court need not consider Momand's declaration in support of the instant motion. Anwari's objections to that declaration are therefore overruled as moot.