1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    SHARIFA ANWARI,                              Case No. 22-cv-04357-AMO

                       Petitioner,
8
                                                  **ORDER RE DISCOVERY DISPUTES**
9            v.
                                                  Re: Dkt. Nos. 119, 120, 121
10   AHMAD MOMAND,

11                     Respondent.

12

13          Before the Court are three joint discovery letter briefs filed by the parties in this

14   international child custody case.  ECF 119, 120, 121.  This order assumes familiarity with the facts

15   of the case, the relevant legal standards, and the arguments made by the parties.  The Court

16   resolves the parties' discovery disputes as set forth below.

17   **I.      REQUESTS FOR PRODUCTION ("RFPs")**

18          In ruling on the disputed RFPs, the Court **STRIKES** portions of Respondent's discovery

19   responses that state "[s]ubject to and without waiving" objections as well as any general

20   objections because Respondent has failed to establish that such phrasing and general objections

21   are proper.  *See Sandigo v. Ocwen Loan Servicing, LLC*, No. 17-CV-002727-BLF-NC, 2018 WL

22   4293339, at *2 (N.D. Cal. July 18, 2018) ("A response with '[s]ubject to and without waiving

23   these objections . . . ' can confuse or mislead the requesting party as to whether the responding

24   party has fully or only partially responded to the discovery request.") (citations omitted); *Fischer

25   v. Forrest*, No. 14-CIV-1304-PAEA-JP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017)

26   ("incorporating all of the [g]eneral [o]bjections into each response violates Rule 34(b)(2)(B)'s

27   specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any

28   responsive materials are withheld on the basis of an objection . . . .").  Respondent does state,

United States District Court
Northern District of California

however, that "[n]otwithstanding his objections, [he has] agreed to produce the requested documents." *See* ECF 121 at 4.  The Court construes this statement to mean that Respondent is not withholding responsive documents on the basis of any general objections.  He must provide such confirmation to Petitioner within **5 days of this order**.

The Court now rules on Petitioner's request to compel compliance with the contested RFPs as follows:

| No. | Request | Ruling |
|---|---|---|
| 16 | All DOCUMENTS and COMMUNICATIONS RELATING TO the CHILD's living situation in Germany. | **GRANTED AS UNOPPOSED**.  Respondent states that he "will produce documents in his possession, custody or control that are responsive to this request, to the extent that any such documents exist."  *See* ECF 122-1 at 35.  Respondent's objection to the term "living situation" as vague and ambiguous, *see id.*, is **OVERRULED.** |
| 17 | All DOCUMENTS and COMMUNICATIONS RELATING TO the conditions of the physical address at which the CHILD lives or has lived in the United States, including but not limited to, all such DOCUMENTS relating to *Momand v. Frit San Jose Town & Country Village, LLC*, No. 21CV382249 (Santa Clara Superior Court). | **GRANTED AS UNOPPOSED**.  Respondent states that he "will produce documents in his possession, custody or control that relate to the conditions of the premises where the child lives or has lived, to the extent that any such documents exist."  *See* ECF 122-1 at 35.  Respondent's objection to the term "conditions" as vague and ambiguous, *see id.*, is **OVERRULED**. |
| 18 | DOCUMENTS sufficient to show Respondent's father's health condition from 2019 to 2022. | **DENIED WITHOUT PREJUDICE**.  Petitioner has not sufficiently briefed whether this Court can order production of a third-party's health information over Respondent's objection that this request "seeks documents protected by the privacy rights of a person not a party to these proceedings."  *See* ECF 122-1 at 35.  The sole case – *Sinclair v. San Jose Unified Sch. Dist. Bd. of Educ.*, No. 20-cv-02798-LHK (VKD), 2021 WL 3140883, at *3 (N.D. Cal. July 26, 2021) – Petitioner relies on is inapposite, as it involved personnel records of a teacher employed by the defendant school district. |
| 25 | All DOCUMENTS and COMMUNICATIONS RELATING TO any court proceeding in which | **GRANTED**.  The Respondent's objection that "the requested documents are equally accessible to Petitioner[,]" *see* ECF 122-1 at 37, is **OVERRULED**.  *See Wills v. City of Monterey*, No. 21-cv-01998-EMC (LJC), 2024 WL |

2

| | | |
|---|---|---|
| | Respondent and Petitioner were or are parties, including but not limited to, court decisions, petitions, protocols, briefs, withdrawals, evidence submitted, and notices of appointment, to the extent not previously produced by YOU. | 1100036, at *6 (N.D. Cal. Mar. 13, 2024) ("Documents being equally available to an opponent is not a blanket basis to deny production.") (citation omitted). |
| 28 | All DOCUMENTS and COMMUNICATIONS RELATING TO any Domestic Violence Restraining Order (or its equivalent) issued or sought against Respondent. | **GRANTED AS UNOPPOSED IN PART**.  Respondent states he "will produce documents in his possession, custody or control that relate to any restraining order sought by Petitioner against Respondent, to the extent that any such documents exist."  *See* ECF 122-1 at 38.  Otherwise, the request is **DENIED WITHOUT PREJUDICE**.  While Respondent's sole specific objection to this request, on relevance grounds, *see id.*, is not likely to be sustained, Petitioner must narrow the request or propose some alternative that would permit narrowing, such as a list of domestic violence restraining orders issued or sought against Respondent within the last 10 years. |
| 30 | All DOCUMENTS and COMMUNICATIONS RELATING TO allegations of domestic violence made against Respondent in any jurisdiction, whether reported to government authorities or not. | **GRANTED AS UNOPPOSED IN PART**.  Respondent states he "will produce documents in his possession, custody or control that relate to any allegations of domestic violence made by Petitioner against Respondent, to the extent that any such documents exist."  *See* ECF 122-1 at 38. Otherwise, the request is **DENIED WITHOUT PREJUDICE**.  While Respondent's sole objection to this request, on relevance grounds, *see id.*, is not likely to be sustained, Petitioner must narrow the request or propose some alternative that would permit narrowing, such as a list of allegations of domestic violence have been made against Respondent in any jurisdiction within the last 10 years, whether reported to government authorities or not. |
| 31 | All DOCUMENTS and COMMUNICATIONS RELATING TO any civil harassment cases in which Respondent was or is a party. | **GRANTED AS UNOPPOSED IN PART**.  Respondent states he "will produce documents in his possession, custody or control that relate to any civil harassment case between Petitioner and Respondent, to the extent that any such documents exist."  *See* ECF 122-1 at 38.  Otherwise, the request is **DENIED WITHOUT PREJUDICE**.  While Respondent's sole objection to this request, on relevance grounds, *see id.*, is not likely to be sustained, Petitioner must narrow the request or propose some alternative that would permit narrowing, such as a list of any civil harassment cases, within the last 10 years, in which Respondent was or is a party. |
| 32 | All DOCUMENTS AND | **DENIED WITHOUT PREJUDICE**.  Petitioner has not |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | COMMUNICATIONS RELATING TO any criminal case in which Respondent was or is a defendant. | sufficiently articulated a theory of relevance that would support granting the request as currently phrased. While Respondent's sole objection to this request, on relevance grounds, *see* ECF 122-1 at 39, is not likely to be sustained, Petitioner must narrow the request or propose some alternative that would permit narrowing, such as seeking production of a list of felony or violence-related criminal cases in which Respondent has been named as a defendant in the last 10 years. |
| 34 | All COMMUNICATIONS by YOU with Petitioner's counsel in any matter, other than Jones Day. | **GRANTED AS UNOPPOSED.** Respondent states he "will produce documents in his possession that that are responsive to this request, to the extent that any such documents exist." *See* ECF 122-1 at 39. "Respondent['s] object[ion] to this request on the grounds that such communications are equally accessible to Petitioner in that her counsel would have such communications," *see id.*, is **OVERRULED**. *See Wills*, 2024 WL 1100036, at *6. |
| 35 | All DOCUMENTS RELATING TO the individuals identified as confessors and/or witnesses to the Parties' marriage certificate (Respondent_0000007). | **GRANTED AS UNOPPOSED**. Respondent states he "will produce documents in his possession that identify those individuals, to the extent that any such documents exist." *See* ECF 122-1 at 39. Respondent's objection that the request is overbroad*, see id.*, is **OVERRULED**. Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see id.*, is also **OVERRULED**, as that is no longer the standard. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendments ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery."). |
| 58 | The original, unedited RECORDING, including audio, of the altercation at issue in the *Momand v. Mahmoud*[,] No. 23CH011363 case in the Santa Clara County Superior Court. | **DENIED WITHOUT PREJUDICE.** Petitioner has not sufficiently articulated a theory of relevance or described the proceedings that are the subject of this request in a manner that would permit the Court to make a relevancy determination. However, Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see* ECF 122-1 at 67, is not well-taken for the same reasons stated immediately above. |
| 61 | All DOCUMENTS and COMMUNICATIONS RELATING TO any refugee facility in Germany in which Petitioner has resided with the CHILD, including but not limited to DOCUMENTS | **DENIED**. Respondent states that he "has no responsive documents." *See* ECF 122-1 at 67. However, any objection that "[t]hose documents, if any, would be in Petitioner's possession," *see id.*, is not well-taken. *See Wills*, 2024 WL 1100036, at *6. |

| | | |
|---|---|---|
| | RELATING TO any incident in which YOU were prohibited from visiting such facility due to altercations with staff members at the facility. | |
| 62 | REQUEST FOR PRODUCTION 62: All declarations and affidavits submitted by YOU and RESPONDENT's FAMILY MEMBERS in any court action in which Respondent was or is a party, including but not limited to *Momand v. Frit San Jose Town & Country Village, LLC*, No. 21CV382249 (Santa Clara Superior Court) and *Frit San Jose Town & Country Village, LLC v. Momand*, No. 3:23-cv-02486-JD (Northern District of California). | **DENIED WITHOUT PREJUDICE**.  Petitioner has not sufficiently articulated a theory of relevance or described the proceedings that are the subject of this request in a manner that would permit the Court to make a relevancy determination.  However, Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see* ECF 122-1 at 68, is not well-taken for the same reasons stated above. |
| 63 | All DOCUMENTS RELATING TO the withholding of rent for the premises at 367 Santana Heights, Unit 3019, San Jose, California 95128, including but not limited to the amount of rent withheld and the time period for which it was withheld. | **GRANTED**.  The request is relevant to the child's living situation.  Respondent's objection that this request is "is not reasonably calculated to lead to the discovery of admissible evidence," *see* ECF 122-1 at 68, is **OVERRULED** for the same reasons stated above. |
| 70 | All DOCUMENTS RELATING TO black mold allegedly present at 367 Santana Heights, Unit 3019, San Jose, California 95128 that YOU have reviewed or created, or caused others to create, including but not limited to the link to any websites, unless YOU produce the website content. | **GRANTED**.  The request is relevant to the child's living situation.  Respondent's objection that this request is "is not reasonably calculated to lead to the discovery of admissible evidence," *see* ECF 122-1 at 69, is **OVERRULED** for the same reasons stated above. |

United States District Court
Northern District of California

5

| 71 | All DOCUMENTS RELATING TO any FIREARMS that have been in YOUR possession, custody, or control from December 30, 2020 through the present, including but not limited to DOCUMENTS reflecting the registration of such FIREARMS with any ENTITY or governmental authority. | **GRANTED**.  The request is relevant to the child's living situation.  Respondent's objection that this request is "is not reasonably calculated to lead to the discovery of admissible evidence," *see* ECF 122-1 at 69, is **OVERRULED** for the same reasons stated above. |
|---|---|---|
| 72 | All COMMUNICATIONS between Respondent and Ali Arsala. | **DENIED WITHOUT PREJUDICE**.  Petitioner has not sufficiently articulated a theory of relevance or described the subject of this request in a manner that would permit the Court to make a relevancy determination.  However, Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see* ECF 122-1 at 69, is not well-taken for the same reasons stated above. |
| 73 | All COMMUNICATIONS between Respondent and Wais Ansari. | **DENIED WITHOUT PREJUDICE**.  Petitioner has not sufficiently articulated a theory of relevance or described the subject of this request in a manner that would permit the Court to make a relevancy determination.  However, Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see* ECF 122-1 at 69-70, is not well-taken for the same reasons stated above. |
| 74 | All COMMUNICATIONS between Respondent and Mustafa Mahmoud. | **DENIED WITHOUT PREJUDICE**.  Petitioner has not sufficiently articulated a theory of relevance or described the subject of this request in a manner that would permit the Court to make a relevancy determination.  However, Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see* ECF 122-1 at 70, is not well-taken for the same reasons stated above. |
| 75 | Video posted on YouTube by YOU on January 19, 2023 regarding Mustafa Mahmoud's sister, including but not limited to the Uniform Resource Locator ("URL") of the YouTube video. | **DENIED WITHOUT PREJUDICE**.  Petitioner has not sufficiently articulated a theory of relevance or described the subject of this request in a manner that would permit the Court to make a relevancy determination.  However, Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see* ECF 122-1 at 70, is not well-taken for the same reasons stated above.  Should Petitioner renew this request, she shall explain why Respondent's statement that he "did not post this video and does not have a copy of it[,]" *see* ECF 122-1 at 70, is insufficient. |

6

United States District Court
Northern District of California

| 76 | All DOCUMENTS RELATING TO the incident on or about March 8, 2021 in which Respondent chased a vehicle that had driven close to Respondent while riding a bicycle with the CHILD. | **GRANTED**.  The request is relevant to the child's home environment.  Respondent's objection that this request is "not reasonably calculated to lead to the discovery of admissible evidence," *see* ECF 122-1 at 70, is **OVERRULED** for the same reasons stated above. |
|---|---|---|
| 78 | For each of YOUR responses to Petitioner's Requests for Admission that is not an unqualified admission, all DOCUMENTS that support the position that YOU took in YOUR response. | **DENIED WITHOUT PREJUDICE**.  Petitioner has not provided grounds on which the Court may overrule Respondent's objection that "the Request[s] for Admission were not timely served before the cutoff of written discovery."  *See* ECF 122-1 at 70.  Petitioner must address whether there was a service agreement, whether under Federal Rule of Civil Procedure 5(b)(2)(E) or (F) or some other authority, and whether service was properly effected pursuant to any such agreement. |
| 79 | All DOCUMENTS RELATING TO any visits to mental health professionals from July 4, 2016 through the present, including but not limited to any records from the mental health treatment that YOU sought following the incident on May 22, 2021 that is subject to *Momand v. Mahmoud*, No. 23CH011363 (Santa Clara Superior Court). | **DENIED WITHOUT PREJUDICE**.  Petitioner has not sufficiently articulated a theory of relevance or described the proceedings that are the subject of this request in a manner that would permit the Court to make a relevancy determination. |

As to the above requests that the Court has granted, Respondent shall produce all non-privileged documents responsive to the above requests with **7 days of this order**.  As to RFPs for which Respondent "already promised to produce" responsive documents, which Petitioner has identified as "Requests for Production Nos. 19-24, 29, 40-42, 46-47, 48-56, 59, 68," *see* ECF 119 at 2, Respondent shall also produce all responsive non-privileged documents, or certify that he has already done so, within **7 days of this order**.

As to any request the Court has denied without prejudice, Petitioner shall make a compromise proposal to Respondent within **5 days of this order**.  Lead trial counsel for the parties shall meet and confer in person or by videoconference **5 days thereafter**.  If the parties are

7

unable to resolve their dispute during the meet and confer, within **5 days of the meeting**, the parties shall file a further joint letter brief, of no more than 5 pages and in the format required by the Court's Standing Order for Civil Cases ¶ I.2.  The joint letter brief shall include a proposed order, listing, in the format of the chart appearing in this order, each request at issue and leaving a blank column for the Court's ruling.  In the joint letter brief, the parties must engage in a meaningful analysis of the relevant proportionality factors.

## II.      INTERROGATORIES ("ROGs")

The Court resolves the disputed ROGs as follows:

| No. | Request | Ruling |
|---|---|---|
| 6 | IDENTIFY the martial status that YOU have represented to any ENTITY or government in the United States, Afghanistan, and Germany from 2014 through the present, including but not limited to work places, schools, recreational organizations, health providers, insurers, and federal or state governmental entities. | **GRANTED IN PART**.  Respondent's verified response, which reads: "Respondent does not recall.  However, he is married to Petitioner, Sarifa Anwari[,]" *see* ECF 122-1 at 75, is insufficient in that it fails to provide an explanation of what Respondent did to try to provide an answer.  *See Fosselman v. Gibbs*, No. C 06-0375 PJH (PR), 2008 WL 745122, at *4 (N.D. Cal. Mar. 18, 2008) ("If [the defendant] has no recollection of when she learned of plaintiff's need nor of what documents were submitted to her, she may give that as the answer, but only after attempting to discover the answers and with an explanation of what she did to try to provide an answer."). |
| 7 | IDENTIFY all FIREARMS that have been in YOUR possession, custody, or control from December 2020 through the present. | **GRANTED**.  The request seeks information relevant to the child's living environment.  Respondent's objections that the interrogatory violates his right to privacy is **OVERRULED**, as any privacy concerns can be addressed via a protective order.  *See* Section VI.  Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see* ECF 122-1 at 75, is **OVERRULED** for the reasons previously explained. |
| 8 | IDENTIFY the addresses at which all FIREARMS in YOUR possession, custody, or control from December 2020 through the present have been stored. | **GRANTED**.  The request seeks information relevant to the child's living environment.  Respondent's objections that the interrogatory violates his right to privacy is **OVERRULED**, as any privacy concerns can be addressed via a protective order.  *See* Section VI.  Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see* ECF 122-1 at 75, is **OVERRULED** for the reasons previously explained. |
| 9 | IDENTIFY the storage method of all FIREARMS that have been in YOUR | **GRANTED**.  The request seeks information relevant to the child's living environment.  Respondent's objections that the interrogatory violates his right to privacy is **OVERRULED**, |

| | | |
|---|---|---|
| | possession, custody, or control from December 2020 through the present at all corresponding addresses identified in response to [ROG] No. 8. | as any privacy concerns can be addressed via a protective order. *See* Section VI. Respondent's objection that the request is not reasonably calculated to lead to the discovery of admissible evidence, *see* ECF 122-1 at 75, is **OVERRULED** for the reasons previously explained. |
| 14 | For each of YOUR responses to Petitioner's Requests for Admission that is not an unqualified admission, state each fact that YOU relied upon as a basis for YOUR response. | **DENIED WITHOUT PREJUDICE** because Petitioner has not provided grounds on which the Court may overrule Respondent's objection that "the Requests for Admission w[ere] not timely served before the cutoff of written discovery." Petitioner must address whether there was a service agreement, whether under Federal Rule of Civil Procedure 5(b)(2)(E) or (F) or some other authority, and whether service was properly effected pursuant to any such agreement. |
| 15 | IDENTIFY all INDIVIDUALS that YOU consulted with regarding the CHILD's December 30, 2020 trip to the United States. | **GRANTED IN PART**. Respondent's verified response, which states that he: "does not recall consulting with anyone other than Petitioner[,]" *see* ECF 122-1 at 76, is insufficient in that it fails to provide an explanation of what Respondent did to try to provide an answer. *See Fosselman*, 2008 WL 745122, at *4. |

## III.   REQUESTS FOR ADMISSION ("RFAs")

The Court resolves the disputed RFAs as follows:

| No. | Request | Ruling |
|---|---|---|
| 13 | Admit that the landlord at 367 Santana Heights #3019, San Jose, CA 95128, has failed to maintain the property in a habitable condition since at least 2021. | **GRANTED** if the child resided at 367 Santana Heights at the time covered by the request. Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality. Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 48, is **OVERRULED** for reasons already explained. His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**. *See Ballew v. City of Pasadena*, No. CV 18-0712 FMO (ASX), 2019 WL 9341338, at *3 (C.D. Cal. June 10, 2019) (RFAs were proper under Rule 36 where they "d[id] not seek a response to an abstract legal question" but instead "clearly related to the facts of the case . . . ."). |
| 14 | Admit that no rent was owed for the premises at 367 Santana Heights #3019, San Jose, CA 95128 that YOU have not | **GRANTED** if the child resided at 367 Santana Heights at the time covered by the request. Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality. Respondent's objection that this request "is not reasonably calculated to lead to the |

| | | |
|---|---|---|
| | paid because the substantial habitability defects negated the rent for each month you have not paid, which is more than 10 months, including months in 2021, 2022 and 2023. | discovery of relevant, admissible, evidence," *see* ECF 122-1 at 48, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3.  Respondent's objection that he cannot determine what is sought by this request because it is "uncertain, ambiguous, or confusing," *see id.*, is **OVERRULED.** |
| 15 | Admit that YOU have experienced physical discomfort including "physical exhaustion, discomfort from odors, headaches and feeling physical soreness" that YOU attribute to the uninhabitability of 367 Santana Heights #3019, San Jose, CA 95128, including during time periods when the CHILD lived there. | **GRANTED** if the child resided at 367 Santana Heights at the time covered by the request.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 49, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |
| 16 | Admit that the condition of the premises at 367 Santana Heights #3019, San Jose, CA 95128 threaten the health of the residents of that unit during more than 10 months including months as early as 2021 and as late as this year. | **GRANTED** if the child resided at 367 Santana Heights at the time covered by the request.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 49, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a medical conclusion, *see id.*, is **OVERRULED**.  *See Griego v. Douglas*, No. 17-CV-0244-KBM-JHR, 2019 WL 1505967, at *6 (D.N.M. Apr. 5, 2019) (finding a "blanket objection based on lack of specialized medical knowledge . . . invalid and improper . . . ."). |
| 17 | Admit that the condition of the premises at 367 Santana Heights #3019, San Jose, CA 95128 have threatened the safety of the residents of that unit during more than 10 months during which YOU had the CHILD | **GRANTED** if the child resided at 367 Santana Heights at the time covered by the request.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 49, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |

United States District Court
Northern District of California

10

| | | |
|---|---|---|
| | reside at that address, including months as early as 2021 and as late as this year. | The objection that this request calls for a medical conclusion, *see id.*, is **OVERRULED**.  *See Griego*, 2019 WL 1505967, at *6. |
| 18 | Admit that you recognized that the conditions at 367 Santana Heights #3019, San Jose, Ca 95218 "rendered it unfit for human occupancy under California common law and statutes" as early as 2021, but continued to have the CHILD live there in those conditions. | **GRANTED** if the child resided at 367 Santana Heights at the time covered by the request.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 49, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| 19 | Admit that you recognized, while the CHILD has lived at 367 Santana Heights, #3019, San Jose, Ca 95218 that the conditions there render it "unfit for human occupancy" include "mold/mildew, water leaks intrusions, deficient weatherstripping, holes in wall and general dilapidation and lack of maintenance." | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 49, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| 20 | Admit that while the CHILD has lived at 367 Santana Heights, #3019, San Jose, Ca 95218, the defects in the premises were severe and longstanding and resulted in injuries to members of YOUR family who lived there, including causing respiratory issues for YOUR father. | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 50, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a legal and/or medical conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3; *Griego*, 2019 WL 1505967, at *6. |
| 21 | Admit that while the CHILD has lived at 367 Santana Heights, #3019, San Jose, Ca 95218, the defects in the premises have been so severe and | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 50, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |

| | | |
|---|---|---|
| | longstanding that they constituted a nuisance in violation of California law. | The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| 22 | Admit that YOU continued to have the CHILD reside at 367 Santana Heights, #3019, San Jose, Ca 95218, even after experiencing a pattern of harassment and intimidation that included a refusal to repair the substantial habitability defects. | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 50, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| 23 | Admit that YOU continued to have the CHILD reside at 367 Santana Heights, #3019, San Jose, Ca 95218, knowing that mold exposure had caused YOUR father who was living there to suffer adverse medical consequences. | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 50 is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a medical conclusion, *see id.*, is **OVERRULED**.  *See Griego*, 2019 WL 1505967, at *6. |
| 24 | Admit that while the CHILD lived at 367 Santana Heights, #3019, San Jose, Ca 95218, residents of that unit suffered "emotional distress, discomfort and annoyance, bodily injury, pain and suffering, medical expenses, loss of personal property, out-of-pocket expenses and other damages" because of the failure of the unit to meet the habitability standards required by California law. | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 50, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| 25 | Admit that while the CHILD lived at 367 Santana Heights, #3019, San Jose, Ca 95218, the manager of the facilities | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 51, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted |

| | | |
|---|---|---|
| | or his or her agent did not regularly inspect the premises for defects, including health and safety hazards and thus failed to warn and protect the Unit's residents from harm. | annoyance or embarrassment, *see id.*, is **OVERRULED**. The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| 26 | Admit that while the CHILD lived at 367 Santana Heights, #3019, San Jose, CA 95218, conduct was directed to its residents of that unit that was threatening and menacing. | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 51, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3.  Respondent's objection that he cannot determine what is sought by this request because it is "uncertain, ambiguous, or confusing," *see id.*, is **OVERRULED.** |
| 27 | Admit that the rent you and your co-tenants at 367 Santana Heights #3019, San Jose, CA 95128 have withheld is more than $130,000. | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 51, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |
| 28 | Admit that residing at 367 Santana Heights #3019, San Jose, CA 95128 has exposed the CHILD to discrimination based on his national origin and race. | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 51, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| 29 | Admit that YOU did not receive prior written consent from Frit San Jose Town and Country Village LLC for the CHILD and YOUR parents to live at 367 Santana Heights, Unit 3019, San Jose, California 95128, as required by YOUR lease of that unit. | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 51, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| 30 | Admit that Frit San Jose Town and Country Village LLC never | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 52, is |

| | | | |
|---|---|---|---|
| | | consented to anyone other than you and Ahmad Nadiem Daniel Mohmand to live at 367 Santana Heights, Unit 3019, San Jose, California 95128, while YOU were an occupant there. | **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| | 31 | Admit that you falsely asserted diversity jurisdiction in *Frit San Jose Town & Country Village LLC v. Mohmand*, Case 3:23-cv-02486-JD, knowing that both you as defendant and plaintiff Frit San Jose Town & Country Village LLC were citizens of California. | **GRANTED**.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 51, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**.  The objection that this request calls for a legal conclusion, *see id.*, is **OVERRULED**.  *See Ballew*, 2019 WL 9341338, at *3. |
| | 32 | Admit that you were in a multi-year dating relationship with Ameena Anwari that began before you married PETITIONER in a religious ceremony and that continued after YOU returned to the United States following the religious marriage ceremony. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 33 | Admit that you have been in a multi-year dating relationship with Anastasia Guskova that began after you married PETITIONER in a religious ceremony. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 39 | Admit that Ameena Anwari was YOUR fiancé after your religious marriage ceremony with Sharifa. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 40 | Admit that YOU hit Ameena Anwari on more than one occasion. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 41 | Admit that YOU threw | **DENIED WITHOUT PREJUDICE** for lack of a sufficient |

14

| | | Ameena Anwari down a flight of stairs. | showing of relevance and no showing of proportionality. |
|---|---|---|---|
| | 42 | Admit that YOU accused Ameena Anwari of cheating on YOU after YOU had a religious marriage to PETITIONER. | **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality. |
| | 43 | Admit that YOU choked Ameena Anwari on more than one occasion. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 44 | Admit that YOU exercised extreme mental and physical control over Ameena Anwari. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 45 | Admit that YOU threatened Ameena Anwari with retribution if she revealed what YOU did to her. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 46 | Admit that YOU spit on Ameena Anwari. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 47 | Admit that YOU threatened to throw Ameena Anwari over a balcony. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 48 | Admit that YOU poured alcohol over Ameena Anwari and her clothes. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 49 | Admit that YOU threatened to kill Ameena Anwari on more than one occasion. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 50 | Admit that YOU had Ameena Anwari sign and notarize a document saying that she owed YOU money. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 51 | Admit that YOU coerced Ameena Anwari to go to the notary by threatening her and physically assaulting her. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| | 52 | Admit that YOU told Ameena Anwari that if she reported YOUR abuse of her, YOU would sue her. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |

United States District Court
Northern District of California

15

| 53 | Admit that YOU continued to call and text Ameena Anwari after she first filed a restraining order against YOU. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
|---|---|---|
| 54 | Admit that YOU drove in Ameena Anwari's neighborhood after she filed a restraining order against YOU at excessive speeds. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| 55 | Admit that YOU were arrested in Santa Clara for violating the California Penal Code by committing a battery upon Octavio Castanos. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| 56 | Admit that YOU struck Octavio Castanos in the face and head. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| 57 | Admit that YOU kicked Octavio Castanos in the face and head. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| 58 | Admit that YOU were placed on probation for your conduct toward Octavio Castanos. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| 59 | Admit that YOU sent Nadeem Fakiri pictures of his mother and threatened to rape her. | **DENIED WITHOUT PREJUDICE** for lack of a sufficient showing of relevance and no showing of proportionality. |
| 60 | Admit that a gun was brandished at YOU on May 22, 2021 in the parking area for 367 Santana Heights, Unit 3019, San Jose, California 95128. | **GRANTED** if the child resided at 367 Santana Heights at the time of the incident.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 57, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |
| 61 | Admit that YOU were pistol whipped on May 22, 2021 in the parking area for 367 Santana Heights, Unit 3019, San Jose, California 95128. | **GRANTED** if the child resided at 367 Santana Heights at the time of the incident.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 57, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted |

United States District Court
Northern District of California

16

| | | | |
|---|---|---|---|
| | | | annoyance or embarrassment, *see id.*, is **OVERRULED**. |
| 1 | 62 | Admit that the assault on YOU in the parking area for 367 Santana Heights, Unit 3019, San Jose, California 95128 was visible from inside 367 Santana Heights, Unit 3019, San Jose, California 95128. | **GRANTED** if the child resided at 367 Santana Heights at the time of the incident.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 57, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |
| | 63 | Admit that the assault on YOU in the parking area for 367 Santana Heights, Unit 3019, San Jose, California 95128 was audible from inside 367 Santana Heights, Unit 3019, San Jose, California 95128. | **GRANTED** if the child resided at 367 Santana Heights at the time of the incident.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 57, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |
| | 64 | Admit that YOU believed YOU were going to die when you were attacked on May 22, 2021 in the parking area for 367 Santana Heights, Unit 3019, San Jose, California 95128. | **GRANTED** if the child resided at 367 Santana Heights at the time of the incident.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 57, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |
| | 65 | Admit that YOU sought a Civil Harassment Restraining Order against Mustafa Mahmoud. | **GRANTED** if the child resided at 367 Santana Heights at the time of the incident.  Otherwise, **DENIED WITHOUT PREJUDICE** subject to a showing of relevance and proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 57, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |
| | 66 | Admit that YOU explained to the court in your Civil Harassment Restraining Order case against Mustafa Mahmoud that YOU were seeking that Restraining Order because YOU felt unsafe in your home 367 Santana Heights, Unit 3019, San Jose, California 95128 | **GRANTED** if the child resided at 367 Santana Heights at the time of the incident.  Otherwise, **DENIED WITHOUT PREJUDICE** to further showing of relevance and a showing of proportionality.  Respondent's objection that this request "is not reasonably calculated to lead to the discovery of relevant, admissible, evidence," *see* ECF 122-1 at 58, is **OVERRULED** for reasons already explained.  His objection that the request would lead to unwarranted annoyance or embarrassment, *see id.*, is **OVERRULED**. |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | where you lived with the CHILD. | |
|---|---|---|---|
| | 89 | Admit that YOU hit Redacted on more than one occasion. | **DENIED WITHOUT PREJUDICE**.  The redaction precludes the Court from ruling on this request.  The parties have not filed an administrative motion to file under seal as required by Civil Local Rule 79-5, which would have included an unredacted version of the documents containing material sought to be sealed. |
| | 90 | Admit that YOU hit Redacted on more than one occasion. | **DENIED WITHOUT PREJUDICE**.  The redaction precludes the Court from ruling on this request.  The parties have not filed an administrative motion to file under seal as required by Civil Local Rule 79-5, which would have included an unredacted version of the documents containing material sought to be sealed. |

Petitioner represents that Respondent has already agreed to comply with RFA Nos. 75 and 84, *see* ECF 119 at 2.  To the extent Respondent has not complied as agreed, he must do so within **7 days of this order**.  For the RFAs as to which the Court has granted Petitioner's request to compel compliance, Respondent must provide responses within **7 days of this order**.  For the RFAs as to which the Court has denied Petitioner's request to compel compliance without prejudice, Petitioner shall make a compromise proposal to Respondent within **5 days of this order**.  Lead trial counsel for the parties shall meet and confer in person or by videoconference **5 days thereafter**.  If the parties are unable to resolve their dispute during the meet and confer, within **5 days of the meeting**, the parties shall file a further joint letter brief, of no more than 5 pages and in the format required by the Court's Standing Order for Civil Cases ¶ I.2.  The joint letter brief shall include a proposed order, listing, in the format of the chart appearing in this order, each request at issue and leaving a blank column for the Court's ruling.  In the joint letter brief, the parties must engage in a meaningful analysis of the relevant proportionality factors.

## V.     PRIVILEGE LOG

Respondent shall serve a privilege log, containing the information required by the Court's Standing Order for Civil Cases ¶ I.5, for any documents Respondent withheld on the basis of privilege within **14 days of this order**.

///

///

United States District Court
Northern District of California

1

## VI.    PROTECTIVE ORDER

Within **5 days of this order**, lead trial counsel for each party shall meet and confer in person or by videoconference to reach agreement on a stipulated protective order.  If the parties do not reach agreement, within **7 days of this order**, Petitioner shall file the model stipulated protective order, modified to include case identifying information, and submit it to the Court for entry in compliance with the requirements set forth in the Court's Standing Order for Civil Cases ¶ I.4.  Pending entry of the protective order, all materials produced shall be designated confidential, or highly-confidential attorneys' eyes only, as appropriate, consistent with the Northern District of California model order.

**IT IS SO ORDERED.**

Dated:  June 11, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**